IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PRAIRIE VIEW HOSPICE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KATHLEEN SEBELIUS, Secretary of ) <br> United States Department of Health ) <br> and Human Services, ) <br> ) <br> Defendant. ) | Case Number CIV-09-1234-C |

## MEMORANDUM OPINION AND ORDER

Plaintiff is a provider of hospice care and brought this action for declaratory and injunctive relief with respect to sums Defendant has deemed have been overpaid. At the heart of Plaintiff's challenge is Defendant's application of 42 C.F.R. § 418.309 in determining the reimbursement payments from Medicare that each hospice provider may receive for all of its patients in any given fiscal year. Plaintiff argues the regulation cannot be reconciled with the terms of the statute it purports to implement, 42 U.S.C. § 1395f(i)(2)(C). Based on this argument, Plaintiff filed the present action requesting the Court to declare the regulation invalid, enjoin further application of it, and enter judgment absolving Plaintiff of the alleged overpayments and refunding any payments and interest made to Medicare.

This is the second Plaintiff to bring this issue before the undersigned and this case is but one of many in federal courts around the country challenging the regulation. Due to this

history, it is unnecessary to fully chronicle the hospice cap, or Defendant's implementation of the regulation. The Court has considered the factual and legal arguments raised by the parties in their briefs.[1] After that review, the Court finds no factual or legal distinction in this case that warrants a result different from that reached by the Court in its June 7, 2010, Memorandum Opinion and Order in <u>Compassionate Care Hospice v. Sebelius</u>, Case No. CIV-09-28-C. Accordingly, the Court adopts the reasoning and rulings set forth therein as if fully set forth in this Order.

Because it was premised on an invalid regulation, Defendant's calculation of Plaintiff's required reimbursement amount must be set aside. Thus, Plaintiff's request for an injunction will be granted. Defendant will be prohibited from further application of the regulation to Plaintiff and will be prohibited from collecting any further overpayment reimbursement that is or has been calculated based on the regulation.

It is not within the scope of the Court's authority to enter judgment of any monetary amount in favor of Plaintiff at this time. As Defendant notes, this case is a review of an administrative process, and thus the Court is, as a general rule, prohibited from making factual findings. That restraint is particularly appropriate here, given the complicated issues present. Accordingly, the Court finds the appropriate course of action is to remand this matter to the PRRB for a determination of Plaintiff's overpayment liability, if any, as

---

[1] Defendant titled its Response to Plaintiff's Motion for Summary Judgment as a Response and Motion to Dismiss. LCvR7.1(c) states: "A response to a motion may not also include a motion or a cross-motion made by the responding party." Therefore, Defendant's Motion to Dismiss will be stricken and not considered. Even were the Court to consider the matter on its merits it would be denied.

calculated under the statutory terms as opposed to the regulation. In the event Plaintiff has been overpaid, any amount should be offset by the amount Plaintiff has already repaid. In the event Plaintiff was not overpaid, Defendant shall return the amounts Plaintiff has already repaid. The Court will administratively close this matter pending completion of the PRRB process. Upon completion of that process, either party may move to reopen this case for further proceedings, as necessary.

Finally, Plaintiff has filed a request for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). As Defendant notes, an EAJA award is premature at this time as no final order has been entered. Under the EAJA, a request for fees must be filed within 30 days of the final judgment. 28 U.S.C. § 2412(d)(1)(B). Section 2412(d)(2)(G) defines final judgment as "a judgment that is final and not appealable, and includes an order of settlement . . . ." Although the time limit is not jurisdictional,[2] it does set forth the prerequisites to making an EAJA fee request. Under the language of the statute, there is no entitlement to EAJA fees until there is a final judgment. To the extent Plaintiff argues that it seeks entry of summary judgment and therefore a final judgment, its argument lacks merit. The judgment sought by Plaintiff is not final as that term is defined by the EAJA. Thus, the Court declines, at this time, to enter an award of attorneys' fees to Plaintiff.

---

[2] See Scarborough v. Principi, 541 U.S. 401, 414 (2004).

**CONCLUSION**

As set forth more fully herein, the Court finds: it has subject matter jurisdiction over this case; Plaintiff has standing to challenge the regulation; the regulation, 42 C.F.R. 418.309(b), is invalid; Plaintiff's Motion for Preliminary Injunction (Dkt. No. 17) and Motion for Partial Summary Judgment (Dkt. No. 11) are GRANTED. Defendant's Motion to Dismiss (Dkt. No. 14) is STRICKEN. Plaintiff's Emergency Motion for Expedited Ruling (Dkt. No. 21) is Moot. Defendant is enjoined from further application of the regulation to Plaintiff and prohibited from collecting any further overpayment reimbursement that is or has been calculated based on the regulation. This matter is remanded to the PRRB for determination of the amount of overpayment, if any, based on application of the statute rather than the regulation. This matter will be administratively closed pending the determination by the PRRB and may be reopened by either party, if necessary, at the conclusion of that process.

IT IS SO ORDERED this 9th day of December, 2010.

ROBIN J. CAUTHRON
United States District Judge